## Case No. 4,760.

### FIEDLER v. MAXWELL.

[2 Blatchf. 552.][1]

Circuit Court, S. D. New York.   Feb. 1853.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

John S. McCulloh, for plaintiff.
J. Prescott Hall, Dist. Atty., for defendant.

BETTS, District Judge. This case embraces several questions which have been passed upon by this court. The law thus settled must be considered as the law governing the subject, until it is changed by the supreme court or by congress. The plaintiff was entitled to enter his goods at the specie value of the Austrian florin, on payment of the legal duties chargeable upon that amount. Grant v. Maxwell [Case No. 5,699]. The defendant, therefore, had no authority in law to impose duties on any other valuation.

It is exceedingly doubtful whether, if these goods had been subject to duty on a paper valuation, the collector could have also imposed a penal duty because of a difference of more than 10 per cent. between silver and paper currency. This could hardly, in any reasonable acceptation, be considered an excess of appraised value over the value declared in the entry; because, the invoice accompanies the entry, and the transcription of the summation of its charges into the entry does not, without the presentation of the invoice. constitute the proceeding known to the law or in practice as an entry made. Under such circumstances, when the valuation insisted upon by the government and that claimed by the importer are both of them on the face of the invoice, placing the latter alone upon the scrip called the entry, could not, except under the severest interpretation of the language of the act, subject the goods to a penal duty.

Be that as it may, it is clear, upon the main point, that the plaintiff was entitled to enter his importations at their specie value in the Austrian market.

The only point not covered by previous decisions of this court relates to the form of the action. There are two cases decided by

the supreme court (Conard v. Pacific Ins. Co., 6 Pet. [31 U. S.] 262, and Tracy v. Swartwout, 10 Pet. [35 U. S.] 80), which recognize it as a clear principle of law, that an importer can maintain trespass or trover against a United States officer for the detention of his goods on the ground that they are subject to a lien on behalf of the government, if no such lien is given by law. A collector of the customs cannot defend himself against such an action by showing that he acted under the instructions of the secretary of the treasury in enforcing the payment of duties or obtaining due security therefor. If his acts are not warranted by law, the owner of the goods can assert his right by an action of trover, and will be entitled to full remuneration for the injury done him.

Judgment must be rendered for the plaintiff upon the verdict, according to the stipulation in the case, with costs.